UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | FH Partners, LP v. Water's Edge, LLC, et al. |
| **Case Number:** | 05-01202 |

## Document Information

| | |
|---|---|
| **Description:** | Order Denying [6-1] Motion for an Order remanding FH Partners LP v. Water's Edge LLC, Cause NO. CV-2005-07017 to the Second Judicial District by FH Partners, LP AND Granting [3-1] Motion To Quash Lis Penmdens and Transcript of Judgment by Investment Company of the Southwest, Inc . |
| **Received on:** | 2006-02-22 13:53:01.000 |
| **Date Filed:** | 2006-02-22 00:00:00.000 |
| **Date Entered On Docket:** | 2006-02-22 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Mary Anderson |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

```
                    UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF NEW MEXICO
```

In re:
INVESTMENT COMPANY OF THE SOUTHWEST, INC.,
    Debtor.                                               No. 11-02-17878 SA

FH PARTNERS, L.P.,
    Plaintiff,
v.                                                    Adv. No. 05-1202 S

WATER'S EDGE, LLC et al.,
    Defendants.

## MEMORANDUM OPINION AND ORDERS DENYING MOTION FOR REMAND OR ABSTENTION AND QUASHING LIS PENDENS

Before the Court are the motion of Plaintiff F.H. Partners, L.P. to remand this adversary proceeding to state court, or alternatively to abstain, and the motion of Defendant Investment Company of the Southwest, Inc., to quash the lis pendens. The motion to remand or abstain is denied, and the motion to quash is granted.

**Background**

On August 26, 2002, Compass Bancshares, Inc. n/k/a Compass Bank, the predecessor in interest of Plaintiff, obtained judgments of $2,004,031.21 against Investment Company of the Southwest, Inc. ("ICS") and of $1,992,746.46 against Bob and Patsy Tinley. On September 30, 2002, Compass Bank recorded transcripts of both judgments in Bernalillo County, New Mexico.

On November 26, 2002, ICS initiated this chapter 11 case. Mr. Tinley is ICS's representative party in the chapter 11 proceedings.

Water's Edge, LLC ("Water's Edge") was formally constituted on January 2, 1998. Its 100% owner is and always has been ICS. Bob Tinley has been the manager of both ICS and Water's Edge at all relevant times. On December 31, 1997, Water's Edge purchased from New Mexico Educators Federal Credit Union ("Credit Union") approximately two acres of land near the intersection of Coors Blvd. and La Orilla N.W. ("Property"). Water's Edge fell behind on its payments to the Credit Union, and the Credit Union initiated a foreclosure action. On March 10, 2003, Water's Edge recorded a special warranty deed transferring the Property to ICS. Mr. Tinley thought that transferring the Property into the ICS estate would stop the Credit Union's foreclosure action pursuant to the automatic stay provisions of § 362.[1]

Compass Bank sold to FHP all of its rights to the obligations owed to it by ICS and Robert [sic – should be "Bob"] and Patsy Tinley on May 12, 2005. (Doc 30: State Court Complaint, para. 18 (Doc 30, Exhibit A); Assignment of Judgment and Interest in Pending Litigation, at 2 (Doc 30, Exhibit E).) On September 14, 2005, FHP filed a quiet title action in the

---

[1] FHP appears to agree with that explanation. Notice of Related State-Court Action by F.H. Partners, L.P. and (as appropriate): 1. Motion for Relief from the Automatic Stay to Pursue State-court Claims; or 2. Motion for Leave to File Post-petition Adversary proceeding to Address Lien in Concealed and Unadministered Assets, at 2 (doc 298 in the main case) ("Notice of State Court Action"). In any event, ICS's calculation was proven wrong when the Credit Union promptly obtained stay relief. Doc 65.

Second Judicial District Court in Bernalillo County, New Mexico ("State Court Action"), pursuant to which it filed a lis pendens identifying the Property. ICS immediately removed the State Court Action by filing a removal notice in this Court thereby commencing this adversary proceeding. ICS then promptly filed a motion to quash the lis pendens. On September 28, 2005 (doc 8) the Court entered a stipulated interim order that permitted the sale of the Property and the payment of the Credit Union mortgage, with the lis pendens to attach to the remaining proceeds. On November 9, 2005 the Court entered a second stipulated interim order (doc 15) that permitted the sale (or monetization) of the real estate contract which had served as partial payment for the Property, and which also permitted ICS to make several major payments to creditors, including one to FHP. As a result the sum of approximately $220,000[2] remains with an escrow company, still subject to the lis pendens unless the Court rules otherwise.

**Analysis**

Since ICS did not directly own the Property on November 26, it did not list the Property in Schedule A. Instead it listed its interest in Water's Edge on Schedule B/13, with the location of the property. Doc 14. ICS provided a reasonably full

---

[2] The Court derived this number from the figures in the November 9 stipulated order (doc 15).

description of the Property in the Third Amended Disclosure Statement, at pages 18-19, filed September 29, 2003. Doc 134. Mr. Tinley testified about the Property during the confirmation hearing on the Debtor's Second Amended Plan, on February 19, 2004. Transcript, at pages 82 and 106. Doc 213. And the Court mentioned the Property and valued it in its oral findings of fact and conclusions of law denying confirmation of the Second Amended Plan, read into the record on April 6, 2004. Minutes at page 3. Doc 209. Thus the allegations in FHP's state court complaint to the effect that ICS did not disclose the property are incorrect.[3] Concerning the stay motion, the Credit Union (but not ICS) did have an obligation to serve the stay motion on Compass Bank, Fed.R.Bank.P. 4001(a)(1), but because the resulting order modifying the stay did not come about because of an agreement between the Credit Union and ICS, there was no requirement that the order modifying the stay be noticed to any creditors.

---

[3] Compass Bank's counsel participated fully in the confirmation hearing, and presumably had read the Third Amended Disclosure Statement and had listened to the Court's oral findings and conclusions. (The April 6, 2004 minute cover sheet has attached to it an almost verbatim transcript of the Court's oral ruling.) Thus the allegation that FHP first learned of ICS' ownership of the Property in September 2005 (State Court Complaint, ¶ 41) is surprising, since FHP on its own certainly would have been expected to examine the bankruptcy court records in this case as a matter of due diligence, and because FHP's counsel in this case was also one of Compass Bank's counsel for the bankruptcy court proceedings.

Compare Fed.R.Bank.P. 4001(d)(1).  So it cannot be said that ICS concealed what happened.

The Credit Union and STIFF, LLC, are in effect no longer parties because the Property has been sold to STIFF and the Credit Union was paid at closing.  In consequence the parties remaining in this adversary proceeding are only FHP, Water's Edge, ICS and perhaps Mr. Tinley.[4]  The proceeds remaining from the closing of the sale of the land and the monetization of the real estate contract, after payment of the Credit Union lien and other estate obligations, remain with the escrow company and subject to whatever force the lis pendens has.  Docs 8 and 15.

Remand

FHP promptly moved to have this Court remand the action.  Doc 6.

28 U.S.C. § 1452(b) provides in relevant part as follows:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

Illustrative grounds for remand include forum non conveniens, the removal has resulted in the bifurcation of an action between two courts, the state court is better able to resolve issues of state law, the state court has already tried the matter and is prepared to rule, or that the original court has a particular expertise in

---

[4] Mr. Tinley was not listed as a defendant in the style of the state court complaint; however, he is described in the body of the complaint and in one of the requests for relief.

Page 5 of 12

the subject matter (e.g., the Court of International Trade). 1 Resnick and Sommer, Collier on Bankruptcy (15th Ed. Rev. 2005) ¶ 3.07[5] at 3-94.

In this case, it is hard to imagine any justification for remanding this case. The case arose from FHP's attempt to obtain for itself, and to prevent ICS from using, the funds that would result from Water's Edge selling the Property to STIFF.[5] The filing of the lis pendens had the practical effect of imposing a lien on the Property and stopping the sale to STIFF, letter from Mr. Behles to Mr. Klenda (doc 30, Exhibit G), thus necessitating the issuance of an order which instructed the title company that the Property could be sold out from underneath the lis pendens. Doc 8. These are matters that go to the heart of bankruptcy in general and the reorganization process in particular. Even if the primary issue to be decided were the effect of a lis pendens rather than whether FHP's actions violated § 362, this Court is just as capable as is a state court of analyzing the statutes and case law that deal with a lis pendens. On the other hand, this Court probably has far more resources at hand than the state court, including time and a law clerk, to quickly decide what

---

[5] To be clear, FHP has always emphasized that it had no intention of stopping the sale of the Property to STIFF. E.g., State Court Complaint, ¶ 57. What it has always wanted is the net proceeds of the sale.

Page 6 of 12

should follow from the filing of the lis pendens and of the State Court Action.

In addition, the state court has taken no action on the matter; the case was removed to the bankruptcy court the day after it was filed. The only remaining parties are those who are already closely tied to the proceedings that have been ongoing in the bankruptcy court since November 2002. The dispute has resolved itself down to a tug of war over a single sum of money held by the escrow agent.

Abstention

In its remand motion, FHP also briefly requested "permissive" abstention as alternative relief. Doc 6, ¶ 16.

28 U.S.C. § 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interests of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The Court finds that there is no basis for abstaining.

> [28 U.S.C. § 1334(c)(1)] allows the district court to abstain from hearing a non-core proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law." Court have considered a host of factors in applying this subsection, including: effect (or lack thereof) on the efficient administration of the bankrupt estate, predominance of state law issues over bankruptcy issues, difficulty or unsettled nature of the applicable law, existence of related proceedings in state court, whether other bases for federal subject matter jurisdiction exist, the burden on the federal court's docket, the extent to which the commencement of

>     the case in federal court involved forum shopping,
>     existence of the right to a jury trial, and presence of
>     non-debtor parties, comity, possibility of prejudice to
>     the other parties in the case, the economical use of
>     judicial resources, and the expertise of the court.

Rice v. Bridgestone/Firestone, Inc. (In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation), 2002 WL 31243417, *3 (S.D. Ind. 2002).  The Bridgestone/Firestone standards almost all counsel retention of this case.  Dealing with this adversary proceeding will not adversely affect the efficient administration of the estate; in fact, given the importance of this asset to the implementation of the Debtor's plan, it will aid the case to deal with the adversary proceeding, thereby promoting the economical use of judicial resources.  The state law aspect of the lis pendens and FHP's behavior are a minor aspect of the matter, there is no difficult or unsettled state law to consider, there are no related proceedings in state court, the apparent stay violation provides an independent basis for this Court's jurisdiction, the relative burden of the matter on this Court's docket is light, there is no request for a jury trial, all the remaining parties are intimately tied in with what needs to be done and there will be no prejudice to any other parties.  ICS undeniably has engaged in forum shopping, but the result has been to put this matter where it can best be decided.  Finally, this Court has the expertise to deal with the overall matter, and it

is hard to imagine that the state court would feel slighted in
the least by this Court adjudicating the matter.

Quashing the lis pendens

There is no question that the Property, having been deeded
to the estate by special warranty deed executed and recorded
March 10, 2003 (doc 30, Exhibit F), became property of the estate
upon the transfer.  Compass Bank's transcript of judgment against
ICS, arising out of its mortgage, gave FHP no rights to estate
property that was not subject to the mortgage, or transcript of
judgment, before the petition was filed.  § 552(a).  And of
course as "property of the estate", the Property came under the
protection of the automatic stay.  § 362(a).

Whatever may be the status of the lis pendens under state
law, FHP's actions clearly violated several provisions of §
362(a), which provides in relevant part as follows:

> [A] petition...operates as a stay, applicable to all
> entities, of --
> (1) the commencement or continuation, including the
> issuance or employment of process, of a judicial,
> administrative, or other action or proceeding against
> the debtor that was or could have been commenced before
> the commencement of the case under this title, or to
> recover a claim against the debtor that arose before
> the commencement of the case under this title;
> (2) the enforcement, against the debtor or against
> property of the estate, of a judgment obtained before
> the commencement of the case under this title;
> (3) any act to obtain possession of property of the
> estate or property from the estate or to exercise
> control over property of the estate;
> (4) any act to create, perfect, or enforce any lien
> against property of the estate;

> (5) any act to create, perfect, or enforce against
> property of the debtor any lien to the extent that such
> lien secures a claim that arose before the commencement
> of the case under this title;
> (6) any act to collect, assess, or recover a claim
> against the debtor that arose before the commencement
> of the case under this title;...

The Property, acquired by the estate post-petition, was protected by the automatic stay. In consequence, filing the state court action and the lis pendens violated the stay and is void. <u>Franklin Savings Ass'n v. Office of Thrift Supervision</u>, 31 F.3d 1020, 1022 (10th Cir. 1994). In this instance, because the Property was quickly sold and the resulting real estate contract quickly liquidated, all that remains is to eliminate the effect of the lis pendens on the unspent funds, which the Court now does with the entry of this order.

It is true that a day after filing the State Court Action, FHP filed its Notice of State Court Action (doc 298), and then a day after that noticed out a twenty-day period for objections (doc 299). The Notice of State Court Action recited, among other things, that it was a motion for stay relief, and in fact was docketed as such. Doc 298 (docket text). However, the State Court Action had already been filed, when no relief had been granted allowing its filing. Rather, the Notice of State Court Action was essentially an announcement of what FHP had already done in state court; it could not camouflage or redeem the obvious stay violation. A "reasonably [contemporaneous]" filing,

Notice of State Court Action at 5, is simply not filed soon enough.

FHP hardly treated its filing with a genuine sense of urgency; for example, it did not take the steps necessary to get a prompt ruling, such as asking for a hearing. N.M.L.B.R. 9013-1(c). Nor did it file a stand-alone motion for stay relief that, under the Court's local rules, would have started the process for the quick hearings contemplated by the Code. § 362(e); N.M.L.B.R. 4001-1. Even taking those steps, however, would have constituted little more than embroidery on a fig leaf.

ICS has also asked for damages and costs arising from FHP's actions. FHP has not faced the necessity of specifically arguing against such relief and neither party has had the opportunity to offer evidence on the issue. Therefore the Court will set a status conference to consider those matters.

**Ruling**

IT IS THEREFORE ORDERED as follows:

1. The motion of FH Partners, L.P., for remand or abstention is denied;
2. The remaining funds from the sale of the Property are declared to be no longer subject to any restriction from the lis pendens; and

3.  The Court will conduct a status conference on the remaining
    course of this adversary proceeding.

    _____
    Honorable James S. Starzynski
    United States Bankruptcy Judge

I hereby certify that on February 22, 2006, a true and correct
copy of the foregoing was electronically transmitted, faxed,
delivered, or mailed to the listed counsel and/or parties.

Daniel J Behles
226-A Cynthia Loop NW
Albuquerque, NM 87114-1100

R Thomas Dawe
PO Box 1027
Albuquerque, NM 87103-1027                 _____

Page 12 of  12

Case 05-01202-s    Doc 31    Filed 02/22/06    Entered 02/22/06 15:36:00 Page 13 of 13